IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| HUDSON SPECIALTY INSURANCE COMPANY | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. <u>7:20-CV-71</u> |
| v. | § § | |
| WALKER TELCOM, INC.; BLACK GAP, LLC; JENNIFER WALKER, CLAYTON WALKER, INDIVIDUALLY, AND D/B/A WALKER CONSTRUCTION; PLAINS PIPELINE, L.P.; HALO COMPRESSOR SOLUTIONS, LLC; STEVE HENRIKSON; AND NANCY HENRIKSON | § § § § § § § § § | |
| *Defendants.* | § | |

## **ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Hudson Specialty Insurance Company ("Hudson"), pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure, brings this Original Complaint for Declaratory Judgment against Defendants, Walker Telcom, Inc. ("Walker Telcom"), Black Gap, LLC ("Black Gap"), Jennifer Walker, Clayton Walker, Individually, and d/b/a Walker Construction, Plains Pipeline, L.P. ("Plains Pipeline"), Halo Compressor Solutions, LLC ("Halo Compressor"), Steve Henrikson, and Nancy Henrikson ("the Henriksons"), and would show the Court as follows:

## I.   **NATURE OF THE ACTION**

1.   This is an action seeking declaratory relief pursuant to Fed. R. Civ. Proc. 57 and 28 U.S.C. § 2201, et seq. to resolve an actual controversy between Plaintiff and Defendants. Hudson seeks a determination of the rights and obligations of the parties

under policies of insurance Hudson issued to Walker Telcom, with respect to a lawsuit involving claims filed by Plains Pipeline, Halo Compressor, and the Henriksons against Walker Telcom, Black Gap, Jennifer Walker, and Clayton Walker, Individually, and d/b/a Walker Construction, among others.

## II.   PARTIES

2.     Plaintiff, Hudson, is a New York corporation with its principal place of business in New York, New York, and doing business in Texas issuing insurance contracts in Texas as surplus lines coverage pursuant to the Texas Insurance statutes. Thus, it is a citizen of New York for diversity purposes.

3.     Jennifer Walker is an individual residing in Alpine, Brewster County, Texas, and is a citizen of Texas for diversity purposes. Service of process can be made on Jennifer Walker by serving her at the following address: 18 Sierra Vista Rd., Alpine, Texas 79830.

4.     Clayton Walker is an individual residing in Alpine, Brewster County, Texas, and is a citizen of Texas for diversity purposes. Service of process can be made on Clayton Walker by serving him at the following address: 803 E. Lockhart Ave., Alpine, Texas 79830.

5.     Walker Telcom, Inc. is a corporation organized under Texas law with its principal place of business at 18 Sierra Vista Road, Alpine, Texas 79830.  Thus, it is a citizen of Texas for diversity purposes. Service of process can be made on Walker Telcom, Inc. by delivery of process to its registered agent, Jennifer Walker, at the following address: 18 Sierra Vista Road Alpine, Texas 79830.

6.     Plains Pipeline, L.P. is a Limited Partnership formed in the State of Texas with its principal place of business at 333 Clay Street, Ste. 1600, Houston, Texas, 77002. Because Plains Pipeline, L.P., each of its partners, and all of the partners and members of

2

those partners were formed or incorporated in Texas or Delaware and have their principal places of business in Texas, Plains Pipeline, L.P. is a citizen of Texas and Delaware for purposes of diversity jurisdiction. Service of process can be made on Plains Pipeline, L.P. by delivery of process to its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at the following address: 211 E. 7th Street, Suite 620 Austin, Texas 78701.

7.      Plains Pipeline, LP has two partners: Plains Marketing, LP and Plains GP LLC. Plains Marketing, L.P. is a Limited Partnership formed in and authorized to do business in the State of Texas, with its principal place of business at 333 Clay Street, Ste. 1600, Houston, Texas, 77002. Plains Marketing, LP's general partner is Plains GP, LLC. Plains GP, LLC is the same entity that is one of the partners in Plains Pipeline, LP. Plains GP, LLC is a Limited Liability Corporation incorporated in and authorized to do business in the State of Texas with its principal place of business at 333 Clay Street, Ste. 1600, Houston, Texas, 77002. The sole member of Plains GP, LLC is Plains All American Pipeline, LP. It was formed in Delaware and has its principal place of business at 701 Brazos Street, Ste. 1050 Austin, Texas 78701. It has the following partners: Plains AAP, LP and PAA GP, LLC. PAA GP, LLC's sole member is Plains AAP, LP. Plains AAP, LP was formed in Delaware and has its principal place of business at 333 Clay Street, Suite 1600 Houston, Texas 77002. Its general partner is Plains All American GP, LLC, and its limited partners are Plains GP Holdings, LP and Oxy Holding Company (Pipeline), Inc. Plains GP Holdings, LP's general partner is PAA GP Holdings, LLC. PAA GP Holdings, LLC is incorporated in Delaware and has its principal place of business at 333 Clay St., Ste. 1600 Houston, Texas 77002. Oxy Holding Company (Pipeline), Inc. is incorporated in

Delaware and has its principal place of business at 333 Clay St., Ste. 1600 Houston, Texas 77002.

8.      Black Gap, LLC is a corporation organized under Texas law with its principal place of business at 2160 N. Highway 118, Alpine, Texas 79830. Its sole member is Albert Victor Horn, II, who resides in Alpine, Texas. Thus, Black Gap, LLC is a citizen of Texas for diversity purposes. Service of process can be made on Black Gap, LLC by delivery of process to its registered agent, Albert Victor Horn, II, at the following address: 605 E. Avenue B, Alpine, Texas 79830.

9.      Halo Compressor Solutions, LLC is a corporation organized under Texas law with its principal place of business at 4 Casa Loma, Odessa, Texas, 790765. Its sole member is Calvin J. Poindexter, Jr., who resides in Odessa, Texas. Thus, Halo Compressor Solutions, LLC is a citizen of Texas for diversity purposes. Service of process can be made on Halo Compressor Solutions, LLC by delivery of process to its registered agent, Calvin J. Poindexter, Jr., at the following address: 1832 W. 25th Street, Odessa, Texas, 79763.

10.      Steve Henrikson is an individual residing in Ector County, Texas, and is a citizen of Texas for diversity purposes. Service of process can be made on Steve Henrikson by serving him at the following address: 2705 Hillmont Road West, Odessa, Texas, 79764.

11.      Nancy Henrikson is an individual residing in Ector County, Texas, and is a citizen of Texas for diversity purposes. Service of process can be made on Nancy Henrikson by serving her at the following address: 2705 Hillmont Road West, Odessa, Texas, 79764.

### III.   <u>JURISDICTION AND VENUE</u>

12.     This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because all Defendants are citizens of different states than Plaintiff, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the alleged events or omissions giving rise to the claim and/or controversy occurred, i.e., the oil spill, as well as the district in which the Underlying Lawsuit is pending, and under 28 U.S.C. § 1391(b)(1) because Halo Compressor Solutions, LLC is a resident of, and/or has its principal place of business in, this district, and all Defendants are residents of Texas.

### IV.   <u>BACKGROUND & FACTS</u>

14.     Hudson issued policy no. WSCN1801208 to Walker Telcom, with a policy period from October 23, 2018 to October 23, 2019. (the "Policy").[1] Hudson also issued umbrella/excess policy no. WSU18004819 to Walker Telcom with effective dates of October 3, 2018 through October 3, 2019 ("the Excess Policy").[2]

15.     Plains Pipeline filed a lawsuit (the "Underlying Lawsuit") against Walker Telcom, Clayton Walker, Jennifer Walker, and Walker Construction, Inc. (the "Walker Defendants"), and Black Gap. Plains Pipeline alleges that the Walker Defendants, under a subcontract with Black Gap (the "Subcontractor Agreement"), were performing excavation services for AT&T during which they struck Plains Pipeline's oil pipeline,

---

[1] A true and correct copy of the Policy is attached hereto and fully incorporated herein as **Exhibit A**.
[2] A true and correct copy of the Excess Policy is attached hereto and fully incorporated herein as **Exhibit B**.

causing an oil spill and resulting damages that per the pleadings allegedly "exceed $2,000,000."

16.     Subsequently, Halo Compressor Solutions, LLC, and Steve and Nancy Henrikson (the "Intervenors") filed a Plea in Intervention.[3] Intervenors are adjacent landowners and a related business, and allege that they were damaged by the oil spill.

17.     The Walker Defendants sought a defense to the Underlying Lawsuit from Hudson. Hudson agreed to defend the claims against the Walker Defendants, subject to a reservation of its rights to contest coverage and file this action.[4] Hudson is thus providing a defense to the Walker Defendants at this time while Hudson seeks a declaration from this Court.

18.     Black Gap also sought a defense to the Underlying Lawsuit from Hudson, contending that it is an additional insured under the Policy and/or the contractual indemnitee of Walker Telcom. Hudson disclaimed any duty to defend or fund the defense of Black Gap because Black Gap is not an insured under the Policy nor is it an indemnitee of Walker Telcom.[5]

## V.    DECLARATORY JUDGMENT

19.     A declaratory judgment action is appropriate in this matter because it will serve a useful purpose in clarifying and settling the legal relations at issue between Plaintiff and Defendants, and will terminate and afford relief from the uncertainty and controversy giving rise to this proceeding. Hudson reserves the right to amend its

---

[3] True and correct copies of the pleadings in the Underlying Lawsuit, Cause No. D-18-12-1749-CV, including the *Plaintiff's Original Petition, Plaintiff's First Amended Petition, Plaintiff's Second Amended Petition and Requests for Discovery, Plea in Intervention & Request for Disclosure* and *Intervenors' Second Amended Plea in Intervention* are attached hereto and fully incorporated herein as **Exhibit C**.
[4] A true and correct copy of Hudson's March 29, 2019 reservation of rights letter to the Walker Defendants is attached hereto and fully incorporated herein as **Exhibit D**.
[5] A true and correct copy of Hudson's September 6, 2019 disclaimer letter to Black Gap is attached hereto and fully incorporated herein as **Exhibit E**.

pleadings to assert additional policy provisions, arguments, or reasons that no coverage exist.

20.     Hudson asks this Court to declare that it owes no duty to defend or indemnify the Walker Defendants or Black Gap in connection with the Underlying Lawsuit for one or more of the reasons that follow.

**A.     Black Gap is not an Additional Insured under the Policy.**

21.     Black Gap sought a defense from Hudson contending that it was an additional insured under the Policy. However, nothing in the Policy identifies Black Gap as an insured. For this reason, Hudson can have no duty to defend or indemnify Black Gap against the Underlying Lawsuit.

**B.     Walker Telcom owes no indemnity to Black Gap because: 1) the Subcontractor Agreement between them contains no indemnity language that meets the Express Negligence Rule, and 2) because of the application of Texas's Construction Anti-Indemnity Act, §151.102 of the Texas Insurance Code.**

22.     Black Gap also contends that it is owed indemnity from Walker Telcom under a Subcontractor Agreement between those two parties, and that the Policy provides coverage for such obligation owed by Walker Telcom. However, no such obligation exists, for two reasons.

23.     First, Texas common law requires agreements to indemnify one party for its own negligence to be stated expressly. This is known as the "Express Negligence Rule." The language on which Black Gap relies fails to meet this requirement of the "Express Negligence Rule." Because there is no indemnity language in the Subcontractor Agreement that creates an obligation owed by Walker Telcom to Black Gap, Hudson

therefore can owe no coverage for the costs of the defense or indemnity of Black Gap against the Underlying Lawsuit.

24.    Second, Texas's Construction Anti-Indemnity Act, §151.102 of the Texas Insurance Code ("TCAIA") renders unenforceable both contractual indemnity and additional insured requirements in contracts such as the Subcontractor Agreement. Because such provisions are unenforceable under the TCAIA, Walker Telcom owes no such obligations to Black Gap, and Hudson therefore can owe no coverage for the costs of the defense or indemnity of Black Gap against the Underlying Lawsuit.

**C.    The Policy's Total Pollution – Exclusion endorsement precludes any duty to defend or indemnify any insured.**

25.    The Policy contains the following endorsement and relevant definition:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**Total Pollution - Exclusion**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**AMENDMENT - PROPERTY DAMAGE AGGREGATE LIMITS AND UNDERGROUND RESOURCES AND EQUIPMENT, AND BLOWOUT AND CRATERING AND EXPLOSION HAZARDS ENDORSEMENT**

**AMENDMENT - LIMITATION TO UNDERGROUND RESOURCES AND UNDERGROUND EQUIPMENT**

**HAZARDS, PROPERTY DAMAGE LIABILITY ENDORSEMENT**

**All other pollution exclusion wording is replaced and there is NO COVERAGE for:**

**I. "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged**

8

or threatened discharge, dispersal, seepage, migrations,
release or escape of "pollutants" at any time.

II. Any loss, cost or expense arising out of any:

A. Request, demand, order or statutory or regulatory
requirement that any insured or others test for,
monitor, clean up, remove, contain, treat, detoxify or
neutralize or in any way respond to, or assess the
effects of "pollutants", or

B. Claim or "suit" by or on behalf of a governmental
authority for damages because of testing for,
monitoring, cleaning up, removing, containing,
treating, detoxifying or neutralizing or in any way
responding to, or assessing the effects of
"pollutants".

...

15. "Pollutants" mean any solid, liquid, gaseous or thermal
irritant or contaminant, including smoke, vapor, soot, fumes,
acids, alkalis, chemicals and waste. Waste includes materials to
be recycled, reconditioned or reclaimed.

26.     The claims against the Walker Defendants and against Black Gap are for

damages that would not have occurred in whole or in part but for the escape and dispersal

of oil, which falls within the Policy definition of "pollutant."  The Total Pollution –

Exclusion in the Policy thus precludes any duty to defend or indemnify any party,

including the Walker Defendants and Black Gap, against the Underlying Lawsuit.

**D.   <u>Exclusions j (5) and (6) in the Policy preclude any duty to defend or
indemnify any insured.</u>**

27.     The Policy contains the following exclusions and relevant definitions:

**j. Damage To Property**

"Property damage" to:
...

(5) That particular part of real property on which you or any
contractors or subcontractors working directly or indirectly

9

on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
...

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".
...

16. "Products-completed operations hazard":

  a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    (1) Products that are still in your physical possession; or
    (2) Work that has not yet been completed or abandoned.

  However, your work will be deemed completed at the earliest of the following times:

    (a) When all of the work called for in your contract has been completed.
    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  b. Does not include "bodily injury" or "property damage" arising out of:

  (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

10

**(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or**
**(3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.**
**...**

**22. "Your work":**

**a. Means:**
**(1) Work or operations performed by you or on your behalf; and**
**(2) Materials, parts or equipment furnished in connection with such work or operations.**

**b. Includes**
**(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and**
**(2) The providing of or failure to provide warnings or instructions.**

28.     The Underlying Lawsuit alleges damage to that particular part of real property on which Walker Telcom was performing operations, arising out of those operations, and damage to that particular part of property that must be restored, repaired or replaced because Walker Telcom's work was incorrectly performed on it. Exclusions j. (5) and/or (6) thus preclude any duty to defend or indemnify any party, including the Walker Defendants and Black Gap, against the Underlying Lawsuit.

**E.     The General Change Endorsement in the Policy precludes any duty to defend or indemnify any insured.**

29.     The Policy contains the following language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**General Change Endorsement**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**PRODUCTS/COMPLETED OPERATIONS COVERAGE PART**

**OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**

**ADDITIONAL EXCLUSION: EXCAVATION**

**COVERAGE IS EXCLUDED UNDER THIS INSURANCE FOR ANY EXCAVATION, TRENCHING OR DIGGING AT ANY SITE OR LOCATION THAT HAS NOT BEEN VISIBLY FLAGGED OR MARKED WITH VERIFIABLE APPROVAL GRANTED PRIOR TO SUCH OPERATIONS COMMENCING BY A "CERTIFIED" THIRD PARTY WHO IS NOT THE INSURED, AN EMPLOYEE OF THE INSURED, A SUBCONTRACTOR HIRED, OR AN EMPLOYEE OF THE SUBCONTRACTOR HIRED TO PERFORM EXCAVATION, TRENCHING OR DIGGING FOR OR ON BEHALF OF THE INSURED.**

**\*\*FOR THE PURPOSE OF THIS EXCLUSION (WH-C GC), "CERTIFIED" MEANS AN INDIVIDUAL TRAINED BY A NATIONALLY RECOGNIZED ORGANIZATION, SUCH AS OSHA, TESTED AND FOUND COMPETENT TO PERFORM THE TASK AT HAND.**

**ALL APPLICABLE FORMS AND ENDORSEMENTS ARE AMENDED ACCORDINGLY.**

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.**

30.     The allegations in the Underlying Lawsuit are that Plains Pipeline instructed Walker Telcom that digging should only commence with a representative of Plains Pipeline present, and that Walker Telcom ignored this instruction and commenced digging without a representative present. Thus, the allegation is that Walker Telcom commenced digging without approval, of Plains Pipeline or of a certified third party, as

required. Thus, the General Change Endorsement precludes any duty to defend or indemnify any party, including the Walker Defendants and Black Gap, against the Underlying Lawsuit.

**F.** **The Coverage Limitation – Work Commenced Prior to Policy Inception Date endorsement in the Policy precludes any duty to defend or indemnify any insured.**

31.    The Policy contains the following language:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**Coverage Limitation – Work Commenced
Prior to Policy Inception Date**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**This insurance applies only to "bodily injury" or "property damage" included in the "products/completed operations hazard" and arising out of "your work" that commences on or after the policy inception date.**

**We will have no duty to defend any insured against any loss, claim, "suit" or other proceeding seeking damages for "bodily injury" or "property damage" arising out of "your work" that commences prior to the policy inception date.**

**All other terms and conditions of this policy remain unchanged.**

32.    The pleadings allege that Walker Telcom called in an 811 locate request on October 12, 2018, thus commencing its work eleven days before the inception of the Policy on October 23, 2018. For this reason, the Coverage Limitation – Work Commenced Prior to Policy Inception Date Endorsement precludes any duty to defend or indemnify any party, including the Walker Defendants and Black Gap, against the Underlying Lawsuit.

### G. The Underlying Lawsuit alleges injuries that do not constitute "property damage" under the Policy.

33.     The Policy includes the following definition:

**17. "Property damage" means:**

**a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**

**b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence that caused it.**
**...**

34.     The factual allegations in the pleadings in the Underlying Lawsuit include injuries that do not fall within the Policy definition of "property damage." These include the claims of Plains Pipeline, Halo Compressor and the Henriksons for lost product and lost profits. There is no coverage for injuries that do not meet the Policy's definition of "property damage."

### H. Walker Construction, Inc. is not an insured under the Policy.

35.     One of the entities sued by Plains Pipeline was Walker Construction, Inc. No answer was filed on behalf of Walker Construction, Inc. Instead an answer was filed on behalf of "Clayton Walker, Individually, and d/b/a Walker Construction, (incorrectly and improperly sued as Walker Construction, Inc.)." Whether it exists as a legal entity or not, Walker Construction, Inc.  is not named in the Policy, nor does it qualify as an insured under any of the provisions of the Policy. Therefore, Hudson can have no duty to defend or indemnify Walker Construction, Inc. against the Underlying Lawsuit.

I.     **For the same reasons that there is no duty to defend, there is no duty to indemnify.**

36.     For each of the reasons cited above, Hudson owes no duty to defend any party against the Underlying Lawsuit. The same reasons that negate the duty to defend also negate any duty to indemnify. For these same reasons, under Texas law Hudson also owes no duty to indemnify any party against the Underlying Lawsuit.

J.     **No duty to defend or indemnify exists under the Excess Policy.**

37.     Coverage A of the Excess Policy is excess insurance, follows the underlying insurance, which includes the Policy, and is subject to its terms. Coverage B of the Excess Policy is excess insurance over a self-insured retention. Coverage B applies only to the exposures that are not covered by Coverage A and are not otherwise excluded by the Excess Policy or any of the underlying policies, which includes the Policy. Coverage for the Underlying Lawsuit is excluded by the Policy. Thus, for the same reasons that no duty to defend or indemnify exists under the Policy, no duty to defend or indemnify exists under the Excess Policy.

## VI.     PRAYER

38.     Pursuant to the provisions of Fed. R. Civ. Proc. 57 and 28 USC § 2201, et seq., Hudson respectfully requests that this Court declare the rights, status, and legal relations of the parties in connection with the facts set forth above, the Underlying Lawsuit, the Policy, the Excess Policy, and established law.  Specifically, Hudson asks this Court for a declaration that it has no duty to defend or to indemnify any party against the Underlying Lawsuit under the Policy or the Excess Policy, for its reasonable attorney fees and costs of court as are equitable and just; and for all other relief the Court deems appropriate.

Respectfully submitted,

**BROWN SIMS, P.C.**

David Clay Wilkerson
Texas Bar No. 24010480
Federal ID No. 24138
cwilkerson@brownsims.com
1177 West Loop South,
Tenth Floor
Houston, Texas 77027
713.629.1580
713.629.5027 (facsimile)

**COUNSEL FOR HUDSON
SPECIALTY INSURANCE
COMPANY**